# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL SMITH             *

Plaintiff                 *

v                         *          Civil Action No.  PJM-10-653

WILLIAM FILBERT, *et al.* *

Defendants                *
                        ***

# MEMORANDUM

Pending are Plaintiff's Motions for Appointment of Counsel, to Add Attachments, for Preliminary Injunctive Relief, and to Clarify Defendant. Papers No. 29, 39, 44, 45 and 47.

In his Motion for Appointment of Counsel, Plaintiff cites his indigency, incarceration and housing assignment on protective custody as factors contributing to his need for appointed counsel. Paper No. 29. He states his access to the law library is severely limited due to his housing assignment and that he has been unable to obtain counsel on his own. *Id*. A federal district court judge's power to appoint counsel under 28 U.S.C. §1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also*, Branch v. Cole, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Plaintiff alleges he was attacked by other inmates on three occasions and subsequently denied proper medical care. Paper No. 1. The type-written complaint is ten pages long, is well-written, and states the claim clearly. In addition, Plaintiff's subsequently-filed motions are well-

written and clearly address the allegations raised. Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated. There are presently no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under 28 U.S.C. §1915(e)(1). Accordingly, his request for counsel shall be denied without prejudice.

Plaintiff's Motion to Add Attachments seeks to include in the record Baltimore City Paper newspaper accounts of the attacks he suffered. Paper No. 39. Counsel has not objected to the introduction of the documents as attachments to the Complaint, and the motion shall be granted.

In his Motion for Preliminary Injunctive Relief, Plaintiff seeks an order requiring all current medical treatment to cease so that proper medical authorities can be appointed to perform necessary physical and psychological examinations to determine and treat the real extent of his injuries. Paper No. 44. As a preliminary injunction affords an extraordinary remedy prior to trial relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008).

Plaintiff seeks injunctive relief against persons who are not parties to the instant case and provides as cause his unsupported concern that his condition is not being treated with the best

care available. In short, it appears Plaintiff seeks the assistance of this Court to select medical care providers of his own choosing. His motion for preliminary injunctive relief shall be denied.

In Plaintiff's Motion to Clarify Defendant, Plaintiff states that Defendant "Major Williams" as named in the Complaint is an African-American male. Paper No. 47. The Complaint was served on Assistant Warden Naomi Williams and a Motion to Dismiss was filed on her behalf. Paper No. 45. Plaintiff's motion shall be construed as a Notice of Voluntary Dismissal as to Assistant Warden Naomi Williams. The Motion to Dismiss will be denied without prejudice. Counsel will be directed to provide this Court with a roster of employees, both current and former, stationed at the Baltimore City Detention Center (BCDC) at the time of the incidents described who fit the description provided by Plaintiff to aid in service of process on the proper party. In the event the appropriate "Major Williams" is an ex-employee, counsel shall provide his home address under seal so the Clerk can effect process.

A separate Order follows.

October 15, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE