# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL SMITH | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-10-653 |
| WILLIAM FILBERT, et al. | * | |
| Defendants | * | |

***

## MEMORANDUM

Defendant William Filbert filed a Motion to Dismiss on August 30, 2010. ECF No. 34. Plaintiff opposed the motion, ECF No. 43. For the reasons that follow, the motion will be denied.

### Background

On March 15, 2007, Plaintiff and four other detainees were returning to the Baltimore City Detention Center (BCDC) from a scheduled court appearance at Circuit Court for Baltimore City. ECF No. 1 at p. 4. Plaintiff alleges two of the inmates with whom he was transported were known gang members. One of the men Plaintiff characterizes as a gang member, Brian Medlin, engaged in a secretive conversation with Officer Crew prior to getting on the transportation van. Plaintiff states he witnessed Crew "slip" something to Medlin. Id. On the drive back to BCDC, Medlin escaped his 3-point restraints and began hitting him repeatedly and stabbing Plaintiff with a home-made knife.[1]

Plaintiff claims he was escorted to the BCDC infirmary where he made repeated pleas to Warden Filbert to be immediately transferred to a hospital. Plaintiff claims Filbert was in the infirmary the entire time and became "annoyed" with him due to his emphatic requests to be

---

[1] Plaintiff claims the whole incident was "captured on video, as a MPT Television crew was on-site filming the transportation of inmates." He states the response team that was being filmed stopped the transport van and intervened in the assault. ECF No. 1.

hospitalized. ECF No. 5. Plaintiff states that he was placed in isolation without medical attention by Filbert, who justified putting him in isolation by claiming Plaintiff refused medical care. Plaintiff claims he suffered contusions, deep lacerations, stab wounds and head trauma as a result of the assault. While in isolation, Plaintiff was found unconscious at approximately 12:30 a.m. and was rushed to Johns Hopkins Hospital.

## Standard of Review

Defendant seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the complaint, the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States recently explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Nonetheless, a complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964. Instead, "once a claim has been stated adequately, it may be supported by showing any

set of facts consistent with the allegations in the complaint." *Id*. at 1969.  Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 197.

## Analysis

A. <u>Deliberate Indifference to Serious Medical Need</u>

Filbert asserts Plaintiff has failed to allege facts sufficient to establish the deliberate denial of medical care for a serious medical need. ECF No. 34 at pp. 8 and 9. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) *quoting Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Filbert first maintains that Plaintiff's condition was not serious. ECF No. 34 at p. 8. He states the documents attached to the Complaint indicate only that he needed "possible suturing." ECF No. 1 at Ex. A, pp. 2—3. In his opposition, Plaintiff reiterates the allegations raised in the Complaint that he suffered multiple stab wounds that were bleeding profusely and that he had been beaten about the head, neck and face with heavy objects such as a pad lock, security chain, and black box. ECF No. 43 at pp. 4—5. Plaintiff states that Filbert was aware of all of these factors. There is no dispute that Plaintiff lost consciousness later; thus, he has alleged facts sufficient to state a possible claim.

Filbert also maintains that Plaintiff has failed to allege facts sufficient to conclude he was subjectively indifferent to his serious medical needs. ECF No. 34 . Plaintiff alleged in the Complaint, and again in his Opposition, that Filbert was in the infirmary the entire time he was there and ignored his pleas for emergency medical attention. In addition, Filbert admits there was a seven-hour delay before Plaintiff was provided with medical attention. There is a triable issue of fact regarding the reasonableness of the delay given Plaintiff's objective symptoms and appearance. Dismissal of the medical claim is not appropriate under the circumstances.

B. Failure to Protect

Filbert maintains the Complaint, even if liberally construed, does not amount to a claim that he engaged in any conduct that could be fairly characterized as failing to protect Plaintiff from a known risk of violence. ECF No. 34 at pp. 11 and 12. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837. *See also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

Plaintiff states in his Opposition that Filbert is aware of a long-standing gang issue at BCDC as well as the fact that some staff members are loyal to some of the gangs at BCDC. The Court takes judicial notice of the numerous reports in the press regarding Division of Correction staff, some of whom were employed at BCDC, cooperating with gang violence and smuggling contraband into correctional facilities on their behalf. To the extent that Plaintiff can produce evidence that the officer aided in the assault and that Filbert had reason to know an unreasonable

risk of harm existed, a claim is established. In light of the history noted by Plaintiff, the allegations raised and this Court's obligation to construe the Complaint liberally, dismissal at this stage of the proceedings would not be appropriate.

## Qualified Immunity

Filbert asserts he is entitled to qualified immunity. ECF No. 34. When considering whether a defendant is entitled to avail himself of a qualified immunity defense, this Court must consider whether, at the time of the claimed violation, the right asserted was clearly established and "whether a reasonable person in the official's position would have known that his conduct would violate that right." *Rish v. Johnson*, 131 F. 3d 1092, 1095 (4th Cir. 1997) *citation omitted*. "In particular, . . . qualified immunity protects law officers from 'bad guesses in gray areas' and it ensures that they may be held personally liable only 'for transgressing bright lines.'" *Gomez v. Atkins*, 296 F. 3d 253, 261 (4th Cir. 2002) quoting *Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).

Accepting the allegations raised by Plaintiff as true, Filbert ignored the repeated pleas for medical care of a beaten, bleeding man and, rather than providing the care, placed him in an isolation cell where he was less likely to receive help if he needed it. In addition, it is alleged Filbert knew about the rampant violence and gang activity in which employees under his supervision were taking part. There are bright lines in this case and if the allegations are proven true by Plaintiff, there is no doubt that Filbert knew his conduct crossed those lines.

Filbert's Motion to Dismiss shall be denied by separate Order which follows.

February 8, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE