IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL SMITH** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Civil No. PJM 10-653** |
| | * | |
| **WILLIAM FILBERT, et al.** | * | |
| | * | |
| **Defendants** | * | |

**MEMORANDUM OPINION**

Michael Smith has sued various individuals, including Former Baltimore City Detention Center Correctional Officer Duwuane Crew, alleging violations of his civil rights while detained at various facilities in the Maryland Department of Corrections. Presently before the Court is Crew's Motion for Summary Judgment [Docket No. 130], which, for the reasons that follow, is **DENIED WITHOUT PREJUDICE**.

Smith alleges the following with respect to Crew. On March 15, 2007, Smith was transported to the Baltimore City Detention Center from the Circuit Court for Baltimore City together with two inmates who were known gang members. Smith witnessed Crew speak privately with one of these two inmates—Brian Medline—and then "slip" him something before they got on the transportation van. On the drive back to the Detention Center, Medlin unlocked his restraints with two different keys, produced a home-made knife, and hit and stabbed Smith repeatedly.

Crew moves for summary judgment on the basis that Smith failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). In support of his Motion, Crew submits an affidavit wherein the Director of Standards

Compliance and Litigation for the Division of Pretrial Detention and Services affirms that (1) the Department retains annual records of all written inmate grievances and complaints made pursuant to the Inmate Grievance Procedure, (2) he reviewed the Resident Grievances Office files for the relevant time period, and (3) he found no grievance filed by Smith. Smith responds that he did in fact exhaust his administrative remedies, as required by statute. After the incident with Crew and Medlin, Smith went straight to the infirmary, and within a few days, he was transferred to the Maryland Reception Diagnostic Classification Center. It was there that he was finally well enough to file a grievance, which he did on March 26, 2007—11 days after the incident.

Under Rule 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must "draw all justifiable inferences in favor of the nonmoving party." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson*, 477 U.S. at 255).

Here, there is a genuine dispute as to whether Smith exhausted his administrative remedies. Smith has demonstrated that he filed a grievance within 15 days of the date of the incident, as required by the grievance procedure. That he filed the grievance at a facility other than the one at which he was housed at the time of the incident is of no moment, as he should not be penalized for a transfer that was outside of his control. *See Foley v. Santiago*, No. 97-6013, 114 F.3d 1176 (Table), 1997 WL 294475 (4th Cir. Jun 3, 1997) ("Because Foley's transfer left

-3-

him with no administrative remedy, the district court may have abused its discretion in dismissing for failure to exhaust under § 1997e."). Crew has offered no reply or argument as to why this grievance was otherwise defective, and so his Motion fails.

For the foregoing reasons, Crew's Motion for Summary Judgment [Docket No. 130] is **DENIED WITHOUT PREJUDICE**.

A separate Order will **ISSUE**.

        /s/        
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**April 23, 2012**